UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>JOHN EARL ERICKSON,<br><br>Debtor. | CASE NO. 2:25-cv-02078-JNW<br><br>Bankruptcy No. [25-12198-TWD]<br><br>ORDER AFFIRMING BANKRUPTCY COURT ORDERS |
| JOHN EARL ERICKSON,<br><br>Defendant/Appellant,<br><br>v.<br><br>JASON WILSON-AGUILAR,<br><br>Plaintiff/Appellee. | |

Appellant John Earl Erickson, appearing pro se, appeals two orders of the U.S. Bankruptcy Court for the Western District of Washington. The first dismissed his Chapter 13 case and barred him from filing another bankruptcy petition for three years. The second denied his motion for relief from that dismissal. Before the Court are Erickson's opening brief, Dkt. No. 7, the response of Chapter 13 Trustee Jason Wilson-Aguilar, Dkt. No. 8., and Erickson's reply, Dkt. No. 9. Also before the Court is the Record on Appeal, Dkt. No. 6. Having considered the record, the

parties' arguments, and the relevant law, the Court AFFIRMS the Bankruptcy Court's order of dismissal and order denying relief for the reasons stated below.

## 1. BACKGROUND

This case is about whether the Bankruptcy Court abused its discretion in dismissing Erickson's case and imposing a three-year re-filing bar. The relevant factual background follows. *See generally,* Dkt. No. 6. Since 2018, Erickson and his non-filing spouse have filed nine bankruptcy cases. Erickson filed these cases to hold onto his primary residence, which was foreclosed on October 14, 2022. All those cases have been dismissed and none have resulted in a confirmed bankruptcy plan. The foreclosure was later completed, and the King County Sheriff issued a deed transferring the residence to the mortgage creditor. Most recently, on August 8, 2025—the same day the Bankruptcy Court dismissed his wife's case with a one-year re-filing bar—Erickson filed for Chapter 13 bankruptcy. Dkt. No. 6 at 1. The Bankruptcy Court issued a Notice of Deficient Filing, setting an August 25 deadline for Erickson to file schedules and a Chapter 13 plan. He filed neither by that date. On August 27, 2025, Chapter 13 Trustee Jason Wilson-Aguilar moved to dismiss the case and to bar Erickson from re-filing for five years, arguing that Erickson had filed this case and his prior cases in bad faith. Erickson filed a series of motions. Dkt. No. 6 at 1–5.

At the motion to dismiss hearing held on September 17, 2025, the Bankruptcy Court made an oral ruling, finding that Erickson had filed his Chapter 13 petition in bad faith and dismissing the case with a three-year bar to re-filing for

bankruptcy. Dkt. No. 6 at 11 (Dismissal Order); Dkt. No. 8-1 at 219–225 (Transcript of Hearing). Erickson moved for relief, which the Court denied in a written order. Dkt. No. 6 at 13–17 (Order Denying Motion for Relief).

## 2. LEGAL STANDARD

A district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997); *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990). A finding of bad faith is reviewed for clear error, and the decision to dismiss a case is reviewed for abuse of discretion. *In re Leavitt*, 171 F.3d 1219, 1222–23 (9th Cir. 1999). So is the denial of a motion for relief from judgment. *In re Douglas J. Roger, M.D., Inc.*, 752 F. App'x 514, 515 (9th Cir. 2019). A court abuses its discretion when it applies the wrong legal rule, or when its application of the law is illogical, implausible, or without support in inferences drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

## 3. DISCUSSION

### 3.1 The Bankruptcy Court did not exceed its authority in dismissing Erickson's case.

Erickson argues that the Bankruptcy Court lacked authority to dismiss his case because it did not make contemporaneous findings of fact in its dismissal order. Dkt. No. 7 at 17–19. *Leavitt* forecloses the argument. The debtor there also asked for a remand for written findings, and the Ninth Circuit declined. 171 F.3d at 1222–23. Findings are adequate if they are "explicit enough on the ultimate issues to give the appellate court a clear understanding of the basis of the decision and to

enable it to determine the grounds on which the trial court reached its decision." *Id.* (citation omitted). Remand is not required when express findings are absent, so long as the record supplies a complete understanding of the issues without them. *Id.* The bankruptcy judge's oral statements in *Leavitt* met that standard. *Id.* at 1223.

So did the oral ruling here. The Dismissal Order states that the Court "made findings of fact and conclusions of law at the September 17, 2025 hearing pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52(a)." Dkt. No. 6 at 11 (Dismissal Order). And the transcript of the hearing reflects those findings of fact. Dkt. No. 8-1 at 219–225. The Bankruptcy Court did not exceed its authority by making oral findings of fact.

**3.2 The dismissal did not violate due process.**

Erickson argues that the Bankruptcy Court made errors of fact and law including that he filed his bankruptcy petition in bad faith. Dkt. No. 7 at 8. The appropriate standard for evaluating whether a bankruptcy petition was filed in bad faith considers the totality of the circumstances. *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994). "[B]ad faith is 'cause' for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c)." *In re Leavitt*, 171 F.3d at 1224. Bad faith does not require fraudulent intent by the debtor, but it does require the court to weigh the totality of the circumstances, including: whether the debtor misrepresented facts in his petition or unfairly manipulated the bankruptcy code, the debtor's history of filings and dismissals, whether the debtor only intended to defeat state court litigation, and whether the debtor's conduct was egregious. *Id.*

The Bankruptcy Court applied that standard, and the record supports what it found. The motion was supported by the declaration of Katherine Rea, which the Bankruptcy Court described as largely uncontroverted and accurate in its recitation of Erickson's prior bankruptcy filings. Dkt. No. 8-1 at 14–22. Prior to the bankruptcy petition at issue here, Erickson filed a bankruptcy petition on May 12, 2022, that was dismissed for bad faith with a two-year bar for re-filing. Erickson appealed and lost. *In re Erickson*, No. 23-60037, 2024 WL 4273821, at *1 (9th Cir. Sept. 24, 2024) (finding that the record contained "ample evidence" to support a bad faith finding). The day before the show cause hearing in an unlawful detainer proceeding, Erickson's wife filed for Chapter 13 bankruptcy. That case was dismissed, and Erickson's wife was barred from refiling for one year based on bad faith. Erickson then promptly filed this case on August 8, 2025, the same day his wife's petition was dismissed. After considering the factors, the Bankruptcy Court found that Erickson's long history of multiple bankruptcy cases, all of which were dismissed without plan confirmation, demonstrated an "unusually clear picture of bad faith." *Id*. It also found that "all or most of the cases were filed in response to adverse rulings in state court litigation between [Erickson] and his mortgage creditor, and were designed to delay foreclosure or eviction." *Id*. Erickson does not dispute this history. On this record, the Court is not left with a definite and firm conviction that the Bankruptcy Court erred.

Turning to Erickson's due process arguments. First, Erickson argues that his due process rights were violated because the order dismissing his case was entered before his claims bar date expired. He provides no *on point* authority supporting

this argument. Second, Erickson argues that he was denied a meaningful opportunity to be heard. But the record shows that he had the opportunity to oppose the motion to dismiss, which he did by filing an objection. The hearing was held after Erickson's objection was filed. Third, Erickson argues that his due process rights were violated because he had motions pending at the time of the hearing. Erickson offers no authority for why the mere fact these motions were pending would deny him the opportunity to be heard.

### 3.3 The Bankruptcy Court did not abuse its discretion in imposing a three-year re-filing bar.

Next, Erickson argues that the Bankruptcy Court's imposition of a three-year re-filing bar was an abuse of discretion. A Chapter 13 petition filed in bad faith constitutes "cause" to dismiss under § 1307(c). *In re Leavitt*, 171 F.3d at 1224. Section 349(a) provides that dismissal is ordinarily without prejudice, but the bankruptcy court may, for cause, order otherwise. The statute "necessarily confers judicial discretion to impose a wide variety of consequences of dismissal" including temporary and permanent bars to refiling. *In re Duran*, 630 B.R. 797, 809 (9th Cir. BAP 2021).

Erickson reads *Duran* to require the Bankruptcy Court to weigh proportionality, canvass alternative remedies, and ask whether the sanction serves bankruptcy's rehabilitative purposes. But *Duran* says none of that. In any event, the Bankruptcy Court's imposition of a three-year re-filing bar was not an abuse of discretion. The Court had made a finding of bad faith, and it reasoned that a five-

year bar was too harsh, but that a two-year bar had proven to be insufficient in the past.

**3.4 The Bankruptcy Court did not abuse its discretion in denying Erickson's motion for relief.**

Erickson appeals the Bankruptcy Court's order denying his motion for relief from the order dismissing his case. He sought that relief under Federal Rules of Civil Procedure 59(e) and 60(b). Each ground fails.

Start with Rule 60(b)(4). A judgment is void only where the court lacked jurisdiction or where the judgment was entered in a manner inconsistent with due process. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Erickson's voidness argument rests entirely on his due process claims, which fail for the reasons given above. So does this one.

Rule 60(b)(6) requires the movant to show "extraordinary circumstances" for the Court to exercise its equitable powers to vacate a judgment. *FTC v. Hewitt*, 64 F.4th 461, 468 (9th Cir. 2023). As the Bankruptcy Court explained, Erickson's motion did not meet that standard. He rehashed arguments that he already made and lost on. He raised new issues that do not form a basis for denial of dismissal or a basis for vacatur of judgment. And the circumstances he did offer—his age, his disabilities, and the pending eviction—did not outweigh the history the Bankruptcy Court had just described. For the same reasons, Rule 59(e) affords no relief—that rule may not be used to relitigate settled points or to raise arguments that could have been made earlier.

Erickson also argued that the Bankruptcy Court erred in failing to address his notice of judicial bias and his request for reasonable accommodations. First, the Bankruptcy Court did not err in failing to resolve Erickson's notice of judicial bias because it was not a motion properly before the court. It was filed as a notice, not a motion, it was filed after the hearing on the motion to dismiss, and it was never noted for hearing. Local R. Bankr. P. 9013-1(a) ("Any motion, application, objection, or other request for an order or determination of the court are considered "motions" under the Local Rules."). Despite this procedural deficiency, the Bankruptcy Court addressed the arguments of bias and disqualification in its order denying Erickson's motion for relief. Dkt. No. 8-1 at 218 (explaining that "no reasonable person would view the bankruptcy judge's stance on those claims as proof of bias against the Debtor."). Adverse rulings are not evidence of bias.

Second, the record shows that the Bankruptcy Court did make the appropriate accommodations for Erickson. Erickson had filed a motion requesting accommodations for "significant hearing and vision impairments." Assisted listening headphones and real-time closed captioning were provided at the hearing. Erickson confirmed twice on the record that he could hear the proceedings using headphones. Dkt. No. 8-1 at 217.

Finally, Erickson argues that the Bankruptcy Court should have exercised its discretion in denying dismissal based on a finding of excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). This does not make sense, as Erickson timely filed objections and there was no neglect or late filing for the Court to consider. Dkt. No. 7 at 25.

## 4. CONCLUSION

The Court AFFIRMS the Bankruptcy Court's order dismissing Erickson's Chapter 13 bankruptcy case and barring him from re-filing for bankruptcy for three years and its order denying Erickson's motion for relief from the dismissal order.

Dated this 30th day of July, 2026.

Jamal N. Whitehead
United States District Judge